**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PAUL SALINAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 19 C 7313 |
| | ) | |
| UNITED AUTO WORKERS LOCAL 551 | ) | Judge Charles P. Kocoras |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is Defendant United Auto Workers Local 551's ("UAW Local 551") motion to dismiss Plaintiff Paul Salinas's ("Salinas") complaint under Federal Rule of Civil Procedure 12(b)(6) and 12(b)(7). For the following reasons, the Court will grant the Rule 12(b)(6) motion in part and deny the Rule 12(b)(7) motion.

**STATEMENT**

For purposes of this motion, the Court accepts as true the following facts from the complaint. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013). All reasonable inferences are drawn in Salinas's favor. *League of Women Voters of Chicago v. City of Chicago*, 757 F.3d 722, 724 (7th Cir. 2014).

Plaintiff Salinas is an Illinois citizen who worked for Ford Motor Company ("Ford") at its assembly plant at 12600 S Torrence Ave. Chicago, Illinois. Defendant UAW Local 551 is an Illinois-based union for Ford employees who work at Salinas' assembly plant.

Salinas began working for Ford full time as an assembly line worker in March 2007. In 2008, Ford laid-off Salinas but he returned to work in September 2010 when he became a tag relief operator. At the time of this complaint, Salinas worked for Ford as a CBT Inspector. Throughout his employment with Ford, Salinas was a dues-paying member of UAW Local 551. Salinas's employment with Ford is governed by the Local Agreements and Letters of Understanding between Ford and UAW Local 551 ("CBA").

On September 25, 2014, Salinas was injured at work, causing tendon tears in his shoulder and elbow. In October 2015, Salinas underwent corrective surgery to remedy his elbow injury at LaGrange Adventist Hospital. He then filed a workman's compensation claim. In February 2016, Salinas underwent shoulder surgery at Salt Creek Hospital.

On September 28, 2018, Salinas received permanent work restrictions from his treating physician, which prevented him from lifting more than 13 pounds above his shoulders with his right arm and no more than 25.8 pounds with both arms. He was also restricted from standing for more than 8 hours per day.

On October 2, 2017, Salinas was required to perform a functional capacity exam to determine whether he could perform his job duties with reasonable accommodations. On October 17, 2017, Salinas returned to working and his duties included sorting out nuts and bolts that people on the line dropped. After six weeks, Ford told Salinas that he could no longer work as there were no jobs available for him. Thereafter, Salinas was paid 66% of his pay for disability.

Salinas alleges that he spoke to his union, UAW Local 551, but they failed to help him return to work in a position that reasonably accommodated his disabilities. In response, Salinas filed an EEOC charge over the phone in December 2018. Shortly after, Salinas returned to work on January 7, 2019, where his duties included sweeping and putting duct vents together.

On January 18, 2019, Salinas was laid off again. He asked Ken Martin, his supervisor, whether he could drive vehicles as a reasonable accommodation. Martin responded that if he allowed Salinas to do so, everyone would ask for the same treatment. On February 11, 2019, Salinas filed a disability discrimination charge with the Equal Employment Opportunity Commission ("EEOC"). He received a Notice of a Right to Sue from the EEOC on August 7, 2019.

Salinas did not work from January 18, 2019, through April 16, 2019. He is currently working for Ford catching electrical errors before cars are assembled. On November 5, 2019, Salinas filed the instant two-count complaint against UAW Local 551, alleging claims for disability discrimination and failure to accommodate under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et. seq.

In his failure to accommodate claim, Salinas alleges that UAW Local 551 failed to engage in the interactive process with him to define the limits of his disability, in terms of its nature, severity, duration, or the types of effective accommodations. He further alleges that UAW Local 551 failed to ensure that Ford engaged in the same interactive process. As a result, Salinas claims he experienced lost pay and benefits and

3

emotional distress. In his discrimination claim, Salinas alleges that UAW Local 551 "regarded" him as disabled due to his injuries and treated him differently from similarly-situated individuals who it "did not regard as disabled" by failing to provide fair and equal union representation.

On January 31, 2020, UAW Local 551 moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7). UAW Local 551 argues that Salinas's claims are time-barred because his EEOC charge was filed more than 300 days after the alleged discrimination took place, Salinas failed to plead that UAW Local 551 had to provide a reasonable accommodation, Salinas fails to plead damages, and Ford is a necessary party.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The allegations in the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not provide detailed factual allegations, but it must provide enough factual support to raise its right to relief above a speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A claim must be facially plausible, meaning that the pleadings must "allow . . . the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds

upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678.

Salinas concedes that the EEOC charge was filed more than 300 days after the initial alleged act of discrimination in November 2018 and limits his claims to acts of discrimination between April 3, 2018 and January 28, 2019. However, this 300-day period offered by Salinas is incorrect. Salinas filed his EEOC charge on February 11, 2019. Therefore, his claims must have arisen in the 300 days preceding February 11, 2019, beginning April 17, 2018.

Salinas also argues that the continuing violation doctrine allows him to recover for UAW Local 551's failure to accommodate all throughout this time period. However, a continued failure to remedy discrimination is not a discrete actionable violation, *Stepney v. Naperville Sch. Dist. 203*, 392 F.3d 236, 240 (7th Cir. 2004), and the continuing violation doctrine arises only in this context when "it is not immediately apparent that the law is being violated." *Bass v. Joliet Pub. Sch. Dist. No. 86*, 746 F.3d 835, 839 (7th Cir. 2014). Salinas does not argue that he was not aware of a potential discrimination claim after Ford stopped allowing him to work in November 2017. The only alleged actionable act of discrimination during this time period is Salinas's January 28, 2019 termination. Accordingly, Salinas's claims are limited to the alleged discriminatory acts related to the January 28, 2019 termination.

Next, UAW Local 551 argues that Salinas has failed to state a failure-to-accommodate claim. To state a claim for failure-to-accommodate under the ADA, Salinas must allege: (1) he is a qualified individual with a disability; (2) UAW Local 551 was aware of the disability; and (3) UAW Local 551 failed to reasonably accommodate the disability. *Equal Employment Opportunity Comm'n. v. Sears, Roebuck & Co.*, 417 F.3d 789, 797 (7th Cir. 2005). UAW Local 551 argues that Salinas has failed to plead the third element because Salinas admits in his complaint that Ford, not UAW Local 551, was required to reasonably accommodate Salinas and because failure to engage in the interactive process is not individual cause of action. We agree.

Salinas has not adequately alleged that UAW Local 551 failed to accommodate his disability. Rather, Salinas admits in his complaint that only Ford was required to accommodate his disability. Salinas also admits this in his response brief, saying, "Ford, not the Defendant UAW Local 551, has to provide the accommodation." Therefore, Salinas has failed to adequately allege that UAW Local 551 failed to reasonably accommodate his disability. Accordingly, Salinas's failure to accommodate claim is dismissed.

Next, UAW Local 551 argues that Salinas has not adequately plead damages because he received 66% of his regular pay as disability pay, which UAW Local 551 argues, without support, bars him from recovering any damages. We disagree.

The disability pay Salinas alleges he received relate to the time-barred act of discrimination from November 2017. The complaint does not allege that Salinas

6

received disability pay after his January 18, 2019, termination. Salinas alleges damages in the form of lost wages and benefits. Accordingly, Salinas has plead damages.

Lastly, UAW Local 551 moves to dismiss the complaint under Rule 12(b)(7) arguing that Ford, Salinas's employer, is a necessary party. To assess a Rule 12(b)(7) motion, the Court must conduct a two-step inquiry—is the party necessary, and if the party cannot be joined, are they indispensable to the action. *Balsamo v. One Source Northern Regional Commuter Railroad Corp.*, 2005 WL 396303, *2 (N.D. Ill. 2005). In determining the necessity of a party, "the Court analyzes three factors: (1) whether complete relief can be accorded among the parties without joinder, (2) whether the absent person's ability to protect his own interest will be impaired, and (3) whether any existing parties might be subject to risk of multiple or inconsistent obligations." *Id.*

Salinas's only remaining claim is that UAW Local 551 discriminated against him by regarding him as disabled, failing to advocate on his behalf, and treating him differently than other similarly situated UAW Local 551 members whom it did not regard as disabled. Ford's interest is not implicated in this claim and complete relief can be afforded with only UAW Local 551 as a party. Accordingly, the 12(b)(7) motion is denied.

## **CONCLUSION**

For the reasons mentioned above, the Court grants-in-part UAW Local 551's 12(b)(6) motion and denies the 12(b)(7) motion. Salinas's failure-to-accommodate claim is dismissed. It is so ordered.

Dated: 8/11/2020

_____
Charles P. Kocoras
United States District Judge

8