**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PAUL SALINAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 19 C 7313 |
| | ) | |
| UNITED AUTO WORKERS LOCAL 551, | ) | Judge Charles P. Kocoras |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant United Auto Workers Local 551's ("UAW") Motion to Dismiss Plaintiff Paul Salinas's ("Salinas") Complaint under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court will grant the motion.

## STATEMENT

A more detailed version of the facts can be found in our previous Order. 1:19-cv-7313, Dkt. # 21. Briefly, Plaintiff Salinas worked at a Ford Motor Company ("Ford") plant in Chicago and was a member of UAW. In September 2014, Salinas was injured at work and underwent several surgeries in 2015 and 2016. Salinas returned to work in October 2017, sorting nuts and bolts that fell off the assembly line. After six weeks, Ford told Salinas that he could no longer work as there were not jobs available for him.

Salinas alleges that he spoke to his union, UAW, but they failed to help him return to work in a position that reasonably accommodated his disabilities. In response,

Salinas filed an EEOC charge over the phone in December 2018. Shortly after, Salinas returned to work on January 7, 2019, where his duties included sweeping and putting duct vents together.

On January 18, 2019, Salinas was laid off again. He asked Ken Martin, his supervisor, whether he could drive vehicles as a reasonable accommodation. Martin responded that if he allowed Salinas to do so, everyone would ask for the same treatment. On February 11, 2019, Salinas filed a disability discrimination charge with the Equal Employment Opportunity Commission ("EEOC"). He received a Notice of a Right to Sue from the EEOC on August 7, 2019.

Salinas did not work from January 18, 2019, through April 16, 2019. He is currently working for Ford catching electrical errors before cars are assembled. On November 5, 2019, Salinas filed the instant two-count complaint against UAW Local 551, alleging claims for disability discrimination and failure to accommodate under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et. seq.

On August 11, 2020, the Court dismissed Count I of Salinas's complaint under Rule 12(b)(6). In Count I, Salinas alleged that UAW failed to accommodate his disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. UAW now moves to dismiss Count II of Salinas's complaint. In Count II, Salinas alleges that UAW discriminated against him for being "regarded as" disabled.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The allegations in the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not provide detailed factual allegations, but it must provide enough factual support to raise its right to relief above a speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A claim must be facially plausible, meaning that the pleadings must "allow . . . the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678.

UAW argues that Salinas fails to state a disability discrimination claim because he does not allege that UAW treated him differently from similarly situated union members.[1] Salinas has failed to respond to UAW's motion in violation of the Court's

---

[1] UAW also argues that it did not have a duty to represent Salinas because he does not allege that Ford breached the CBA and because his claims before January 18, 2019, have already been dismissed. We do not address these arguments because Salinas's claims fail for other reasons.

3

October 1, 2020 Scheduling Order. 1:19-cv-7313, Dkt. # 25. Therefore, Salinas has waived any arguments against dismissal. *United States v. Holm*, 326 F.3d 872 (7th Cir. 2003) ("It is not the obligation of this court to research and construct the legal arguments open to parties," and "perfunctory and undeveloped arguments" are waived); *Jones v. Connors*, 2012 WL 4361500, at *7 (N.D. Ill. 2012) ("A party's failure to respond to arguments the opposing party makes in a motion to dismiss operates as a waiver or forfeiture of the claim and an abandonment of any argument against dismissing the claim."). Accordingly, we grant UAW's motion because its argument appears to be facially meritorious.

In Count II, Salinas alleges that UAW "treated Plaintiff differently than similarly-situated individuals who it did not 'regard as' disabled, by failing to provide fair and equal union representation when required to do so by failing to require Ford to reasonably accommodate Plaintiff due to his shoulder injury." However, Salinas does not allege that UAW had any duty to represent him or that he sought out UAW's representation with regard to his dismissal. Without these allegations, the Court cannot make the reasonable inference that UAW treated Salinas differently from any similarly situated person. *See Iqbal*, 556 U.S. at 678. Accordingly, we grant UAW's motion to dismiss.

## <u>CONCLUSION</u>

For the reasons mentioned above, the Court grants UAW's motion to dismiss. Salinas has 30 days to file an amended complaint if he so chooses. Failure to do so will result in a dismissal with prejudice. It is so ordered.

Dated: 10/30/2020

Charles P. Kocoras
United States District Judge